# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMCO INSURANCE COMPANY; IDS PROPERTY CASUALTY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | Case No.: 3:19-cv-00024-H-JLB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT ADDING DEFENDANT**<br><br>[Doc. No. 19] |

On June 6, 2019, Plaintiffs filed a motion requesting leave to file an amended complaint adding Center BMW as a defendant. (Doc. No. 19.) Plaintiffs represent that Defendant BMW of North America, LLC does not oppose the motion. (Id. at 5.) BMW of North America's opposition was due by June 24, 2019, (Doc. No. 20), but no opposition was filed. For the reasons below, the Court grants Plaintiffs' motion for leave to file an amended complaint.

## BACKGROUND

On December 4, 2018, Plaintiffs filed the present case in San Diego Superior Court alleging claims for strict products liability and negligence. (Doc. No. 1-2.) The case arises from a fire at the home of Eric Pemper, who is insured by Plaintiff AMCO Insurance Company. (Id.) The home was being rented by Laura and Phil Ohme, who are insured by

1

Plaintiff IDS Property Casualty Company. (Id.) Plaintiffs allege that the fire originated from a defect in a BMW vehicle owned by Laura and Phil Ohme. (Id.) On January 4, 2019, BMW of North America removed the case to this Court and answered the complaint. (Doc. Nos. 1, 2.) Laura Ohme was deposed on May 14, 2019. (Doc. No. 19-2, Brisco Decl. ¶ 6.) At the deposition, Laura Ohme testified that the BMW vehicle was purchased certified pre-owned from a dealership, Center BMW. (Id.) Plaintiffs now seek leave to file an amended complaint adding Center BMW as a defendant. (Doc. No. 19.)

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." Id. Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). Absent prejudice—the factor carrying greatest weight—"or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Exercising its discretion to grant or deny leave to amend, the Court "must be guided by the underlying purpose of Rule 15," that is, "to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

///
///

2

3:19-cv-00024-H-JLB

Here, BMW of North America has not opposed the motion, and Plaintiffs represent that BMW of North America does not object to the Court granting leave to add Center BMW as a defendant. (Doc. No. 19 at 5.) Nonetheless, BMW of North America has not provided written consent, and therefore the Court's leave is required. See Fed. R. Civ. P. 15(a)(2). Under the circumstances of this case, the Court in its discretion concludes that the factors weigh in favor of granting Plaintiffs leave to file an amended complaint adding Center BMW as a defendant. First, there is no evidence of bad faith on the part of Plaintiffs. Second, there is no undue delay because Plaintiffs filed their motion for leave to amend within reasonable time after Laura Ohme's deposition. (See Doc. No. 19-2, Brisco Decl. ¶ 6.) Third, there is no evidence of prejudice to BMW of North America, which did not file any opposition to the motion. Fourth, there is nothing to indicate that the proposed amendment of adding Center BMW as a defendant would be futile. Finally, this is Plaintiffs' first amended complaint. Therefore, the Court concludes that all factors weigh in favor of granting Plaintiffs leave to file their amended complaint, and the Court in its discretion grants Plaintiffs' motion.

## **CONCLUSION**

Accordingly, after careful analysis of the factors set forth in Johnson, for good cause shown, the Court in its discretion grants Plaintiffs' motion for leave to file an amended complaint adding Center BMW as a defendant. Plaintiffs must file their First Amended Complaint by **July 16, 2019**. Defendants have thirty (30) days after being served Plaintiffs' First Amended Complaint to file an answer or otherwise respond.

**IT IS SO ORDERED.**

DATED: July 2, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT