# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMCO Insurance Company, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BMW of North America, LLC, et al., <br><br> Defendants. | Case No.: 19-cv-00024-H-JLB <br><br> **ORDER:** <br><br> **(1) GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER; AND** <br><br> **(2) ISSUING AMENDED SCHEDULING ORDER** <br><br> **[ECF Nos. 13, 31]** |

Before the Court is the parties' Joint Motion to Amend Scheduling Order. (ECF No. 31.) The parties request an extension of approximately ninety days for all remaining dates and deadlines in the Scheduling Order, so they may conduct discovery pertaining to the newly added defendant, Center BMW. (*Id.* at 3–5.)

For good cause shown, the parties' joint motion is **GRANTED**, and the operative Scheduling Order (ECF No. 13) is amended as follows:

1. All parties must complete all fact discovery by **November 12, 2019**. "Complete" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated sufficiently in

advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel must file an appropriate motion within the time limit and procedures set forth by the undersigned magistrate judge. Failure to comply may result in a waiver of a party's discovery issue. Absent an order of the Court, the Court will not recognize stipulations continuing or altering this requirement.

Discovery motions must be filed in the time and manner directed by Magistrate Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes available on the Court's website). All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute **and** complied with Section IV.B. of Judge Burkhardt's Civil Chambers Rules.

2. All parties must complete all expert discovery by **November 12, 2019**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

3. Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including prohibition on the introduction of experts or other designated matters in evidence.

4. All other pretrial motions must be filed by **November 18, 2019**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in

limine are to be filed as directed by the Court.

5. A Mandatory Settlement Conference will be conducted on **November 18, 2019**, at **9:15 AM** in the chambers of **Magistrate Judge Jill L. Burkhardt**, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101. Counsel or any party representing himself or herself must submit confidential settlement briefs directly to chambers by **November 8, 2019**.

The **confidential** settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov. Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a **list of all attorney and non-attorney conference attendees** for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to Magistrate Judge Burkhardt's chambers. **Settlement conference statements shall not be filed with the Clerk of the Court. Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

6. Counsel must file their memoranda of contentions of fact and law and take any other action required by Civil Local Rule 16.1(f)(2) by **January 13, 2020**.

7. Counsel must comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **January 13, 2020**. Failure to comply with these disclosure requirements may result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

8. Counsel must meet and take the action required by Civil Local Rule 16.1(f)(4) by **January 20, 2020**. At this meeting, counsel must discuss and attempt to enter into stipulations and agreements simplifying the triable issues. Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel must note any objections they have to any other parties' pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel must cooperate in the preparation of the proposed pretrial conference order.

9. Counsel for Plaintiffs will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **January 27, 2020**, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's counsel concerning any objections to form or content of the pretrial order.

Both parties must promptly attempt to resolve their differences, if any, concerning the order.

10. The proposed final pretrial conference order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures must be prepared, served, and lodged with the assigned district judge by **February 3, 2020**, in the form prescribed in and in compliance with Civil Local Rule 16.1(f)(6).

11. The final pretrial conference is scheduled on the calendar of the Honorable Marilyn L. Huff on **February 10, 2020**, at **10:30 AM**.

12. The parties must comply with case management orders set by the Court.

13. The Court will not modify the dates and times set forth in this order except for good cause shown.

14. Pursuant to Civil Local Rule 7.1(h), briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. Reply memorandum must not exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

15. Plaintiff's counsel must serve a copy of this order on all parties that later enter this case.

**IT IS SO ORDERED.**

Dated: August 1, 2019

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge